IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ROBERT ALAN CARPENTER                                                                PLAINTIFF

      v.               Civil No. 6:07-cv-06072

GARLAND COUNTY PROBATION
AND PAROLE STAFF; KRISTI
CONSTANT, Probation Officer;
TRACY HALL, Intake Supervisor;
HOT SPRINGS POLICE DEPARTMENT;
and SGT. GREG STRINGER                                                              DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This civil rights case was filed pursuant to the provisions of 42 U.S.C. § 1983. Robert Alan Carpenter proceeds *pro se* and *in forma pauperis*.

The case was provisionally filed prior to issuance of service of process. Because more information was needed about Carpenter's claims, a questionnaire was sent to him (Doc. 9). His response to the questionnaire was filed as an addendum to the complaint (Doc. 10). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2005), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

### I.  Background

According to the allegations of the complaint and addendum, Carpenter was charged in the Garland County Circuit Court with commercial burglary and criminal attempt, *State v. Carpenter, Cr.* 2002-572. *Addendum* at ¶ 1. He was convicted on February 24, 2003. *Id.* Carpenter was placed

on four years' probation. *Id.* Carpenter alleges his conviction was overturned by the Supreme Court in September of 2003. *Id.* However, Carpenter is currently serving a seventy-two month sentence. *Addendum* at ¶ 2. The sentence is the result of the conviction and probation revocation in the Garland County Circuit Court in Cr. 2002-572. *Id.* at ¶ 3.

Carpenter alleges Kristi Constant, his probation officer, would not release him from probation despite his conviction having been reversed. *Complaint* at ¶ 5. He alleges she tried to "violate" him four times. *Id.* at page 6. He maintains she then had him falsely arrested and his probation revoked in 2007 to cover up what they did. *Id.* at pages 5-6.

Carpenter was arrested by Detective Greg Stringer on November 3, 2006, and charged with second degree forgery. *Addendum at* ¶ 8. This charge was dismissed in March of 2007 and a misdemeanor charge filed instead. *Id.* at ¶ 9. Because of the arrest and forgery charge, a probation revocation charge was filed against Carpenter in Cr. 2002-572. *Id.* at ¶ 10.

Carpenter indicates Stringer was also assigned to investigate a mail theft/forgery case against a Robert Lee Carpenter. *Complaint* at page 7. Carpenter alleges Stringer was helping Patrick McKinney tamper with Carpenter's mail. *Id.* He indicates McKinney was trying to get a $200,000 settlement from him. *Id.* Carpenter states Stringer ignored his complaints for three years and diverted his mail to McKinney. *Id.* Carpenter alleges Stringer had him imprisoned and his probation revoked so he could not sign McKinney's indictment. *Id.*

Carpenter also alleges Constant tampered with a letter left at her office for him by his Father. *Complaint* at page 6. He states she told him over the phone that there was a letter for him. *Addendum* at ¶ 6. However, when he went to the office, she claimed he had not talked to her and he was mistaken. *Id.* He maintains she either threw the letter away or misplaced it. *Id.*

Carpenter appealed his probation revocation. *Addendum* at ¶ 4. In the addendum, Carpenter noted the matter was fully briefed but no decision had been reached. *Id.* Carpenter then filed a request asking for additional time to obtain documents to submit to the court in support of his complaint and addendum (Doc. 11) and a supplement to his request for an extension of time (Doc. 13). Specifically, the court had asked Carpenter to provide the court with documentation, including the court decision, supporting his statement that his conviction in *State v. Carpenter*, CR. 2002-572 had been overturned.

Since he filed his addendum, the Arkansas Court of Appeals issued an opinion affirming the trial court's revocation of Carpenter's probation. *Carpenter v. State*, No. CACR07-498, 2007 WL 4248296 (Ark. App. Dec. 5, 2007). Carpenter presented two arguments on appeal. First, he argued that the trial court erred in taking judicial notice of the court's file. Second, Carpenter argued there was insufficient evidence to revoke his probation. The court rejected both arguments. We note Carpenter did not present any argument that the revocation was inappropriate because the underlying conviction had been overturned.

The Arkansas Court of Appeals noted Carpenter had entered a negotiated plea of guilty to the offenses of commercial burglary and attempted commercial burglary on February 24, 2003. He was sentenced to four years' probation; ordered to pay restitution of $582.02; and ordered to pay court costs. A judgment and disposition order was entered on March 6, 2003.

Kristi Constant and Sergeant Greg Stringer testified at the revocation hearing. At the revocation hearing, Carpenter was found to have committed a criminal offense punishable by imprisonment, second-degree forgery, and that he had an outstanding restitution balance of $498.02 and had not made a payment since July 18, 2003, in violation of conditions one and fourteen of his

probation. Carpenter was sentenced to six years' imprisonment on each of the underlying offenses, with the sentences to be served concurrently.

Upon review, the Court of Appeals noted that the State need only show that Carpenter committed one violation in order to sustain a revocation. It held there was sufficient evidence to revoke Carpenter's probation on the basis that he committed forgery. Given this conclusion, it found it unnecessary to address whether Carpenter violated a term of his probation by failing to pay restitution.

In this civil rights case, Carpenter names as Defendants the staff of the Garland County Probation and Parole Office, Kristi Constant, his probation officer, Tracy Hall, the intake supervisor at the Garland County Probation and Parole Office, the Hot Springs Police Department, and Sergeant Greg Stringer of the Hot Springs Police Department. As relief, he requests that he be released from incarceration and the conviction be expunged from his record. He also requests damages for false imprisonment, mental duress, and cruel and unusual punishment.

## II. Discussion

This case is subject to dismissal. First, to the extent Carpenter's claims are based on the refusal of Stringer or other named defendants to investigate the alleged conspiracy against Carpenter or to bring criminal charges against various individuals the claims fail. A private citizen has no right to institute criminal prosecution. *See Diamond v. Charles,* 476 U.S. 54, 64-65, 106 S. Ct. 1697, 90 L. Ed. 2d 48 (1986); *In re Kaminski,* 960 F.2d 1062, 1064 (D.C. Cir. 1992) (private party lacks judicially cognizable interest in prosecution of another person); *Lopez v. Robinson,* 914 F.2d 486, 494 (4th Cir. 1990); *Cok v. Cosentino,* 876 F.2d 1, 2 (1st Cir. 1989).

Second, to the extent Carpenter intends to bring a malicious prosecution claim, the claim fails. It has been "uniformly held that malicious prosecution by itself is not punishable under § 1983 because it does not allege a constitutional injury." *Kurtz v. City of Shrewsbury*, 245 F.3d 753, 758 (8th Cir. 2001).

Third, to the extent Carpenter challenges actions taken by the state courts, those claims fail. "[T]he United States Supreme Court alone has jurisdiction to review state court decisions. [T]he lower federal courts lack subject matter jurisdiction to consider federal claims that would vitiate an underlying state court judgment." *Johnson v. City of Shorewood, Minnesota*, 360 F.3d 810, 818 (8th Cir. 2004)(citations omitted).

Fourth, Carpenter's claims for damages stemming from his alleged false arrest and false imprisonment on the probation violation charge are subject to dismissal. In *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87. Here, Carpenter's probation revocation has been upheld. He therefore cannot bring a false arrest or false imprisonment claim based on the revocation charge and subsequent imprisonment.

Fifth, the Hot Springs Police Department is a building and not a person or a legal entity subject to suit under § 1983. *See e.g., Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992)("[s]heriff's departments and police departments are not usually considered legal entities

subject to suit"); *Powell v. Cook County Jail*, 814 F. Supp. 757 (N.D. Ill. 1993)(jail not subject to suit); *Marsden v. Fed. Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994)("jail is not an entity that is amenable to suit"); *In re Scott County Master Docket*, 672 F. Supp. 1152, 1163 n. 1 (D. Minn. 1987)(sheriff's department is not a legal entity subject to suit), *aff'd*, *Myers v. Scott County*, 863 F.2d 1017 (8th Cir. 1989).

Sixth, Carpenter has failed to state a cause of action against the entire staff of the Garland County Probation and Parole Office. "[T]o establish a violation of constitutional rights under § 1983, the plaintiff must prove that the defendant's unconstitutional action was the 'cause in fact' of the plaintiff's injury." *Butler v. Dowd*, 979 F.2d 661, 669 (8th Cir. 1992). Carpenter has only alleged that the Garland County Probation Office knew his conviction had been overturned. However, he points to no specific acts taken by any staff member with the exception of Constant. This is simply insufficient to state a claim against all staff members. *See e.g., Ellis v. Norris*, 179 F.3d 1078, 1079 (8th Cir. 1999) (stating that prisoner must allege defendants' personal involvement or responsibility for the constitutional violations to state a § 1983 claim).

Seventh, Carpenter has failed to state a claim against Tracy Hall, the intake supervisor, at the Garland County Probation Office. He merely alleges Hall was Constant's supervisor and allowed her to keep him on probation. A supervisor cannot be held liable on the theory of respondeat superior. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). Carpenter does not allege Hall was personally involved in the decision to keep him on probation, in the decisions regarding his supervision, or in the decision to revoke his probation. *Andrews v. Fowler*, 98 F.3d 1069, 1078 (8th Cir.1996)("[A] supervisor may be held individually liable under § 1983 if he directly participates in a constitutional violation or if a failure to properly supervise and train the offending

employee caused a deprivation of constitutional rights.") (*citing Tilson v. Forrest City Police Dep't*, 28 F.3d 802, 806 (8th Cir. 1994)); *Mark v. Nix*, 983 F.2d 138, 139-40 (8th Cir. 1993)(section 1983 liability requires some personal involvement or responsibility).  The claims against Hall are insufficient as a matter of law.

Finally, Carpenter's claims against Constant based on her alleged mail tampering fail to state a claim.  While it may violate criminal laws to obstruct the mail, *see e.g.,* 18 U.S.C. § 1701 (obstruction of mails generally), the criminal statutes create no private right of action.  Further, when Carpenter was asked how Constant tampered with the mail, he merely responded that she either threw it away or misplaced it.  Carpenter makes no allegation that he was deprived of his constitutional rights by virtue of the mail tampering.

I conclude no claim of constitutional dimension is stated.  The alleged mail tampering occurred on only one occasion.  Moreover, unless Constant acted intentionally, a mistaken or negligent act does not implicate the constitution.  *Daniels v. Williams*, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986).

### III.  Conclusion

I therefore recommend the case be dismissed on the grounds the claims are frivolous, fail to state claims upon which relief may be granted, or are not presently cognizable under § 1983.  *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action, or any portion thereof, may be dismissed on such grounds at any time).

**Carpenter has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may**

**result in waiver of the right to appeal questions of fact. Carpenter is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 7th day of January 2008.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE